Case 2:01-cr-00091 Document 168 Filed on 06/09/23 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:01-91-1** |
| | § | |
| **RICARDO GARCIA HEREDIA,** | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Ricardo Garcia Heredia's Motion and Amended Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. 3582(c)(1)(A). D.E. 165, 166. For the reasons stated below, the motions are **DENIED**.

**I.     BACKGROUND**

Defendant was convicted in 2008 of conspiracy to possess with intent to distribute more than five kilograms of cocaine (Count 1S), aiding and abetting possession with intent to distribute 480 kilograms of cocaine (Count 2S), possession with intent to distribute 706 kilograms of cocaine (Count 4S), and conspiracy to launder monetary instruments (Count 5S). His advisory Guideline sentencing range was life imprisonment.[1] Furthermore, because he committed the drug trafficking offenses after sustaining a prior conviction for "a felony drug offense", he was subject to "the enhanced penalty provisions of 21 U.S.C. §§ 841(b) and 851," which set a mandatory sentence of 20 years' imprisonment as to Counts 1S, 2S, and 4S. *See* 21 U.S.C. § 841(b)(1)(A). The Court ultimately sentenced

---

[1]. Defendant's base offense level of 38 based on 1,186 kilograms of cocaine was increased because he was convicted under 18 U.S.C. § 1956 and was deemed an organizer/leader of criminal activity that involved five or more participants or was otherwise extensive, resulting in a total offense level of 44.

Defendant to 360 months' imprisonment as to Counts 1S, 2S, and 4S, and 240 months as to Count 5S, to be served concurrently with each other and with his 240-month sentence for illegal reentry in Case No. 2:08-CR-106-1.

Defendant has served 184 months (51%) of his sentence and has a projected release date, after good time credit, of August 30, 2033. He now moves the Court to reduce his sentence to 15 years based on "the change in the law, his disproportionate mandatory minimum sentence, [and] his age, background, and significant efforts toward rehabilitation." D.E. 165, p. 4. He filed an administrative request with the warden of FCI Oakdale on March 31, 2023, but never received a response.

## II. LEGAL STANDARD

The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, — F.4th —, 2023 WL 2658434, at *1 (5th Cir. Mar. 28, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

### III. ANALYSIS

**A. First Step Act of 2018**

Defendant first argues that the underlying drug conviction used to enhance his sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851 (a 1989 federal felony conviction for possession with intent to distribute approximately 37 kilograms of marijuana in Case No. C:89-CR-141-1) would not qualify as a "serious drug felony" under the FSA, and he would

receive a lower sentence if sentenced today.[2] The Fifth Circuit recently held that claims arising from nonretroactive changes in criminal law are not cognizable under 18 U.S.C. § 3582(c)(1). *McMaryion*, 2023 WL 2658434 at *1 ("[A] prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling."). Because the section of the FSA relied upon by Defendant explicitly states that it is not retroactive, his claim that he would receive a lower sentence under current law is not cognizable under existing Fifth Circuit precedent. *See id.*; FSA § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

The Court is aware that forthcoming amendments to the Sentencing Commission's Policy Statement on compassionate release, effective November 1, 2023, provide that nonretroactive changes in the law may constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A):

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

---

[2]. Defendant cites FSA § 401, which amended 21 U.S.C. § 841(b)(1)(A) by changing the enhancement provision from being based on a "felony drug offense" to a "serious drug felony." Pub. L. 115-391, 132 Stat 5194, § 401(a)(1). The FSA also reduced the enhanced punishments of § 841; relevant here, the mandatory minimum for an offense under § 841(b)(1)(A), after having been convicted of a prior qualifying felony, changed from 20 years to 15 years. *Id.* § 401(a)(2)(i).

U.S.S.G. § 1B1.13(b)(6) (2023).

However, Defendant still would not qualify for a sentence reduction under U.S.S.G. § 1B1.13(b)(6), as amended, because: (1) his conviction in Case No. C:89-CR-141-1 constitutes a "serious drug felony" under current law;[3] and (2) his advisory Guideline sentence remains life imprisonment, regardless of the decrease in the mandatory minimum sentence from 20 to 15 years under 21 U.S.C. §§ 841(b)(1)(A) and 851.

### B. Equal Protection

Defendant next argues that his sentence violates the Equal Protection Clause of the Fourteenth Amendment because: (1) his sentence is disproportionately higher than similarly-situated defendants sentenced post-FSA, and (2) the recreational use of marijuana has been legalized in 21 states and three territories.

Because the relief Defendant seeks is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, his Fourteenth Amendment claims are not cognizable under 18 U.S.C. § 3582(c). *See McMaryion*, 2023 WL 2658434, at *1 ("[B]ecause these claims are cognizable under 28 U.S.C. § 2255, they are not cognizable under 18 U.S.C. § 3582(c).") (citing *Escajeda*, 58 F.4th at 186–88). The Court

---

[3]. Under the FSA:

> The term "serious drug felony" means an offense described in section 924(e)(2) of title 18, United States Code, for which—
> (A) the offender served a term of imprisonment of more than 12 months; and
> (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

21 U.S.C. § 802(57).

Here, Defendant served roughly 20 months of his 21-month sentence of imprisonment; was released from BOP custody on April 3, 1991; and was terminated from supervision on April 2, 1994. The current offense of conviction commenced in 1999.

declines to construe the claims under § 2255, however, because Defendant previously filed a § 2255 motion and has not shown that he has sought or obtained permission from the Fifth Circuit to file a second § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim)).

### C.  18 U.S.C. § 3553(a) Factors

Finally, Defendant claims that his age, background, prior military service, and "significant efforts toward rehabilitation" support a sentence reduction. He further emphasizes the "many good conduct medals for his participation and good character" he was awarded by the Department of the Army. D.E. 166, p. 2.

The Court previously considered Defendant's age when it sentenced him to a below-Guideline sentence of 360 months, as opposed to life in prison. 7/28/2008 Sent. Tr., D.E. 137 at 50:17-23 ("The Defendant is 44. The statute instructs me to take into account the circumstances of the Defendant. And I'm going to take into account his age . . . ."). The Court also considered defense counsel's motion for a downward departure based on Defendant's status as a Desert Storm veteran. *See id.* at 37:15–38:2. Defendant has offered no evidence of his rehabilitative efforts or disciplinary record while in prison. Even if he had, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app.

n.1(B)(iii). As explained *supra*, Defendant has not demonstrated that other extraordinary and compelling circumstances exist that would warrant a sentence reduction.

Finally, as the Court admonished Defendant at sentencing, "[Y]ou have done some very bad things. The jury found so. And I don't like to give anybody a 360-month sentence, . . . [b]ut this amount of cocaine is very, very destructive." Sent. Tr. at 51:4-10. Based on the nature and circumstances of the offenses of conviction, Defendant's history and characteristics, and the danger to the community that would be posed by his early release, the Court finds that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes.

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Accordingly, Defendant's Motion and Amended Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. 3582(c)(1)(A) (D.E. 165, 166) are **DENIED**.

**ORDERED** on June 9, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE